IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TONY A. HICKMAN
ADC # 090793                                                                          PETITIONER

V.                              CASE NO. 5:17-CV-00127-SWW-JTK

WENDY KELLEY, Director
Arkansas Department of Correction                                             RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A 149
>Little Rock, AR 72201-3325

## DISPOSITION

Petitioner is a prisoner currently confined in the Arkansas Department of Correction. On May 1, 2017, he initiated this 28 U.S.C. § 2254 habeas action. (DE #2) On May 30, 2017, the Respondent filed a Motion to Dismiss Successive Habeas Petition and Incorporated Brief in Support. (DE #7) Petitioner filed his response to the Respondent's Motion to Dismiss on June 9, 2017, stating that the arguments in his current habeas petition have not been addressed and requested that this Court preserve his right to correct any errors in the filing of his second or successive habeas petition. (DE # 8, p. 1-2) For the reasons set forth below, it is recommended that Respondent's Motion to Dismiss (DE # 7) be GRANTED and the petition dismissed without prejudice.

Petitioner previously challenged his convictions pursuant to 28 U.S.C. § 2254. *See Hickman v. Hobbs*, Case No. 5:12-cv-00309-SWW-JTK. The Court adopted the findings and recommendations of the magistrate judge that the petition be dismissed. The action was dismissed by judgment entered on May 7, 2014. The Eighth Circuit of Appeals denied his application for a certificate of appealability and dismissed the appeal. Petitioner subsequently filed the current habeas petition.

A claim presented in a second or successive habeas petition under § 2254 must be dismissed unless the Petitioner can make a prima facie showing that he meets all of the requirements of 28 U.S.C. § 2244(b)(2). Importantly, this determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Thus, in order for Petitioner to file and pursue this successive habeas action, he must obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A).

The instant petition is a successive petition. Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this petition. He may not file a successive petition in this Court without permission of the Eighth Circuit. Thus, the petition should be dismissed.

## CONCLUSION

Based on the foregoing, it is recommended that Respondent's Motion to Dismiss Successive Petition and Incorporated Brief in Support (DE # 7) should be GRANTED and

the instant petition (DE # 2) be denied and dismissed without prejudice. It is further recommended that the District Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

    SO ORDERED this 22nd day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE